UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re                                                                                    Chapter 11

ROBERT J. MOCKOVIAK and SANDRA H.                          Case No. 20-14372-MAM
MOCKOVIAK,

       Debtors.
_____/

**DEBTORS ROBERT J. MOCKOVIAK AND SANDRA H. MOCKOVIAK'S
FIRST OMNIBUS OBJECTION TO CLAIM**

**IMPORTANT NOTICE TO CREDITORS:
THIS IS AN OBJECTION TO YOUR CLAIM**

      This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.

      If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service of this objection, explaining why your claim should be allowed as presently filed, and you must serve a copy to Luis Salazar, Esq. of SALAZAR LAW, 2121 SW 3rd Avenue, Suite 200, Miami, Florida 33129 OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.

      If your entire claim is objected to and this is a chapter 11 case, you will <u>not</u> have the right to vote to accept or reject any proposed plan of reorganization until the objection is resolved, unless you request an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your claim for voting purposes.

      The written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court.

      Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1, Debtors Robert J. Mockoviak and Sandra H. Mockoviak object to the following claim(s) filed in this Chapter 11 case:

1



| CLAIM NO. | NAME OF CLAIMANT | AMOUNT OF CLAIM | BASES FOR OBJECTION AND RECOMMENDED DISPOSITION |
|---|---|---|---|
| 20 | Adam Hartzell<br>c/o Katz Melinger PLLC<br>280 Madison Avenue<br>Room 600<br>New York, NY 10016 | $38,607.36 | **Bases for Objection:**<br><br>The Mockoviaks object to the creditor's claim on the following grounds:<br><br>*Lender Responsible for All Wage Claims.* CPI's lender, LQD Business Finance LLC and LQD Loans Two, LLC (the "**Lender**"), assumed total financial and operational control of CPI on and after January 27, 2020, and, thereafter failed to pay employee wages and reimbursable expenses. The Lender's principal, George Souri, required the resignations of the Mockoviaks and personally appointed himself the sole director of CPI. The Mockoviaks therefore cannot be liable for any unpaid wages because they were not officers CPI having the management of that company. Instead, the Lender and its principal, George Souri, remain liable for any such unpaid wage claims.<br><br>*No Personal Liability.* The Creditor's claim should be disallowed in its entirety because it has not and cannot establish legal grounds to disregard CPI as a corporate entity and hold either of the Mockoviaks personally liable. Further, Sandra Mockoviak was not an officer of CPI nor an agent having the management of CPI. Therefore, the Creditor has failed to assert or establish any legal grounds to find personal liability against the Mockoviaks. The Creditor's claim is properly and solely against CPI.<br><br>*Insufficient Support/Documentation.* The Creditor has failed to provide any support or documentation for the claims alleged against the Mockoviaks, including but not limited to, any claims for wages, expenses, and 401(k) contributions as required by Fed.R.Bankr.P. 3001. The Creditor did not attach enough documentation to support the claim and should be precluded from doing so pursuant to |

2



| CLAIM NO. | NAME OF CLAIMANT | AMOUNT OF CLAIM | BASES FOR OBJECTION AND RECOMMENDED DISPOSITION |
|---|---|---|---|
| | | | Fed.R.Bankr.P. 3001(c)(2)(D). All such claims are properly and solely against CPI.<br><br>*No Legal Basis for Consequential Damages.* To the extent that the Creditor alleges consequential damages against the Mockoviaks, the Creditor has failed to allege or establish any basis for such claim or liability.<br><br>*New Jersey Department of Labor Determination Void.* To the extent that the creditor relies on any determination by the New Jersey Labor Department and Workforce Development, that determination was rendered after the Mockoviaks filed for bankruptcy protection, violates the Automatic Stay, and is void *ab initio,* and of no effect whatsoever.<br><br>*Incorrect Claim Classification.* To the extent that this Creditor has a claim, it is not a priority claim or it exceeds the priority limit, and it should be treated as a general unsecured claim.<br><br>*Incorrect Claim Amounts.* To the extent the Creditor has a claim against the Mockoviaks, the total amount and the component parts of the Creditor's claim are unliquidated, disputed, and inaccurate.<br><br>*Debtors Assets Exempt.* the Mockoviaks' assets are protected as tenants by the entirety and are not subject to this Creditor's claims.<br><br>The Mockoviaks reserve all rights to raise any other defenses or claims, and the Mockoviaks reserve their rights to seek further sanctions pursuant Fed. R. Civ. P. 3001(c)(2)(D), including all attorney fees and costs.<br><br>**Recommended Disposition:** Claim should be STRICKEN and DISALLOWED in its entirety. |



| CLAIM NO. | NAME OF CLAIMANT | AMOUNT OF CLAIM | BASES FOR OBJECTION AND RECOMMENDED DISPOSITION |
|---|---|---|---|
| 21 | Ann Park<br>c/o Katz Melinger PLLC<br>280 Madison Avenue<br>Room 600<br>New York, NY 10016 | $105,198.43 | **Bases for Objection:**<br><br>The Mockoviaks object to the creditor's claim on the following grounds:<br><br>*Lender Responsible for All Wage Claims.* CPI's lender, LQD Business Finance LLC and LQD Loans Two, LLC (the "**Lender**"), assumed total financial and operational control of CPI on and after January 27, 2020, and, thereafter failed to pay employee wages and reimbursable expenses. The Lender's principal, George Souri, required the resignations of the Mockoviaks and personally appointed himself the sole director of CPI. The Mockoviaks therefore cannot be liable for any unpaid wages because they were not officers CPI having the management of that company. Instead, the Lender and its principal, George Souri, remain liable for any such unpaid wage claims.<br><br>*No Personal Liability.* The Creditor's claim should be disallowed in its entirety because it has not and cannot establish legal grounds to disregard CPI as a corporate entity and hold either of the Mockoviaks personally liable. Further, Sandra Mockoviak was not an officer of CPI nor an agent having the management of CPI. Therefore, the Creditor has failed to assert or establish any legal grounds to find personal liability against the Mockoviaks. The Creditor's claim is properly and solely against CPI.<br><br>*Insufficient Support/Documentation.* The Creditor has failed to provide any support or documentation for the claims alleged against the Mockoviaks, including but not limited to, any claims for wages, expenses, and 401(k) contributions as required by Fed.R.Bankr.P. 3001. The Creditor did not attach enough documentation to support the claim and should be precluded from doing so pursuant to |



| CLAIM NO. | NAME OF CLAIMANT | AMOUNT OF CLAIM | BASES FOR OBJECTION AND RECOMMENDED DISPOSITION |
|---|---|---|---|
| | | | Fed.R.Bankr.P. 3001(c)(2)(D). All such claims are properly and solely against CPI. *No Legal Basis for Consequential Damages.* To the extent that the Creditor alleges consequential damages against the Mockoviaks, the Creditor has failed to allege or establish any basis for such claim or liability. *New Jersey Department of Labor Determination Void.* To the extent that the creditor relies on any determination by the New Jersey Labor Department and Workforce Development, that determination was rendered after the Mockoviaks filed for bankruptcy protection, violates the Automatic Stay, and is void *ab initio,* and of no effect whatsoever. *Incorrect Claim Classification.* To the extent that this Creditor has a claim, it is not a priority claim or it exceeds the priority limit, and it should be treated as a general unsecured claim. *Incorrect Claim Amounts.* To the extent the Creditor has a claim against the Mockoviaks, the total amount and the component parts of the Creditor's claim are unliquidated, disputed, and inaccurate. *Debtors Assets Exempt.* the Mockoviaks' assets are protected as tenants by the entirety and are not subject to this Creditor's claims. The Mockoviaks reserve all rights to raise any other defenses or claims, and the Mockoviaks reserve their rights to seek further sanctions pursuant Fed. R. Civ. P. 3001(c)(2)(D), including all attorney fees and costs. **Recommended Disposition:** Claim should be STRICKEN and DISALLOWED in its entirety. |



| CLAIM NO. | NAME OF CLAIMANT | AMOUNT OF CLAIM | BASES FOR OBJECTION AND RECOMMENDED DISPOSITION |
|---|---|---|---|
| 22 | Bonnie Johnson<br>c/o Katz Melinger PLLC<br>280 Madison Avenue<br>Room 600<br>New York, NY 10016 | $22,041.79 | **Bases for Objection:**<br><br>The Mockoviaks object to the creditor's claim on the following grounds:<br><br>*Lender Responsible for All Wage Claims.* CPI's lender, LQD Business Finance LLC and LQD Loans Two, LLC (the "**Lender**"), assumed total financial and operational control of CPI on and after January 27, 2020, and, thereafter failed to pay employee wages and reimbursable expenses. The Lender's principal, George Souri, required the resignations of the Mockoviaks and personally appointed himself the sole director of CPI. The Mockoviaks therefore cannot be liable for any unpaid wages because they were not officers CPI having the management of that company. Instead, the Lender and its principal, George Souri, remain liable for any such unpaid wage claims.<br><br>*No Personal Liability.* The Creditor's claim should be disallowed in its entirety because it has not and cannot establish legal grounds to disregard CPI as a corporate entity and hold either of the Mockoviaks personally liable. Further, Sandra Mockoviak was not an officer of CPI nor an agent having the management of CPI. Therefore, the Creditor has failed to assert or establish any legal grounds to find personal liability against the Mockoviaks. The Creditor's claim is properly and solely against CPI.<br><br>*Insufficient Support/Documentation.* The Creditor has failed to provide any support or documentation for the claims alleged against the Mockoviaks, including but not limited to, any claims for wages, expenses, and 401(k) contributions as required by Fed.R.Bankr.P. 3001. The Creditor did not attach enough documentation to support the claim and should be precluded from doing so pursuant to |



| CLAIM NO. | NAME OF CLAIMANT | AMOUNT OF CLAIM | BASES FOR OBJECTION AND RECOMMENDED DISPOSITION |
|---|---|---|---|
| | | | Fed.R.Bankr.P. 3001(c)(2)(D). All such claims are properly and solely against CPI. |
| | | | *No Legal Basis for Consequential Damages.* To the extent that the Creditor alleges consequential damages against the Mockoviaks, the Creditor has failed to allege or establish any basis for such claim or liability. |
| | | | *New Jersey Department of Labor Determination Void.* To the extent that the creditor relies on any determination by the New Jersey Labor Department and Workforce Development, that determination was rendered after the Mockoviaks filed for bankruptcy protection, violates the Automatic Stay, and is void *ab initio,* and of no effect whatsoever. |
| | | | *Incorrect Claim Classification.* To the extent that this Creditor has a claim, it is not a priority claim or it exceeds the priority limit, and it should be treated as a general unsecured claim. |
| | | | *Incorrect Claim Amounts.* To the extent the Creditor has a claim against the Mockoviaks, the total amount and the component parts of the Creditor's claim are unliquidated, disputed, and inaccurate. |
| | | | *Debtors Assets Exempt.* the Mockoviaks' assets are protected as tenants by the entirety and are not subject to this Creditor's claims. |
| | | | The Mockoviaks reserve all rights to raise any other defenses or claims, and the Mockoviaks reserve their rights to seek further sanctions pursuant Fed. R. Civ. P. 3001(c)(2)(D), including all attorney fees and costs. |
| | | | **Recommended Disposition:** Claim should be STRICKEN and DISALLOWED in its entirety. |

7



| CLAIM NO. | NAME OF CLAIMANT | AMOUNT OF CLAIM | BASES FOR OBJECTION AND RECOMMENDED DISPOSITION |
|---|---|---|---|
| 23 | Brianna LeFaucher<br>c/o Katz Melinger PLLC<br>280 Madison Avenue<br>Room 600<br>New York, NY 10016 | $12,670.21 | **Bases for Objection:**<br><br>The Mockoviaks object to the creditor's claim on the following grounds:<br><br>***Lender Responsible for All Wage Claims.*** CPI's lender, LQD Business Finance LLC and LQD Loans Two, LLC (the "**Lender**"), assumed total financial and operational control of CPI on and after January 27, 2020, and, thereafter failed to pay employee wages and reimbursable expenses. The Lender's principal, George Souri, required the resignations of the Mockoviaks and personally appointed himself the sole director of CPI. The Mockoviaks therefore cannot be liable for any unpaid wages because they were not officers CPI having the management of that company. Instead, the Lender and its principal, George Souri, remain liable for any such unpaid wage claims.<br><br>***No Personal Liability.*** The Creditor's claim should be disallowed in its entirety because it has not and cannot establish legal grounds to disregard CPI as a corporate entity and hold either of the Mockoviaks personally liable. Further, Sandra Mockoviak was not an officer of CPI nor an agent having the management of CPI. Therefore, the Creditor has failed to assert or establish any legal grounds to find personal liability against the Mockoviaks. The Creditor's claim is properly and solely against CPI.<br><br>***Insufficient Support/Documentation.*** The Creditor has failed to provide any support or documentation for the claims alleged against the Mockoviaks, including but not limited to, any claims for wages, expenses, and 401(k) contributions as required by Fed.R.Bankr.P. 3001. The Creditor did not attach enough documentation to support the claim and should be precluded from doing so pursuant to |



| CLAIM NO. | NAME OF CLAIMANT | AMOUNT OF CLAIM | BASES FOR OBJECTION AND RECOMMENDED DISPOSITION |
|---|---|---|---|
| | | | Fed.R.Bankr.P. 3001(c)(2)(D). All such claims are properly and solely against CPI.<br><br>*No Legal Basis for Consequential Damages.* To the extent that the Creditor alleges consequential damages against the Mockoviaks, the Creditor has failed to allege or establish any basis for such claim or liability.<br><br>*New Jersey Department of Labor Determination Void.* To the extent that the creditor relies on any determination by the New Jersey Labor Department and Workforce Development, that determination was rendered after the Mockoviaks filed for bankruptcy protection, violates the Automatic Stay, and is void *ab initio,* and of no effect whatsoever.<br><br>*Incorrect Claim Classification.* To the extent that this Creditor has a claim, it is not a priority claim or it exceeds the priority limit, and it should be treated as a general unsecured claim.<br><br>*Incorrect Claim Amounts.* To the extent the Creditor has a claim against the Mockoviaks, the total amount and the component parts of the Creditor's claim are unliquidated, disputed, and inaccurate.<br><br>*Debtors Assets Exempt.* the Mockoviaks' assets are protected as tenants by the entirety and are not subject to this Creditor's claims.<br><br>The Mockoviaks reserve all rights to raise any other defenses or claims, and the Mockoviaks reserve their rights to seek further sanctions pursuant Fed. R. Civ. P. 3001(c)(2)(D), including all attorney fees and costs.<br><br>**Recommended Disposition:** Claim should be STRICKEN and DISALLOWED in its entirety. |



| CLAIM NO. | NAME OF CLAIMANT | AMOUNT OF CLAIM | BASES FOR OBJECTION AND RECOMMENDED DISPOSITION |
|---|---|---|---|
| 24 | Carolyn Starcher<br>c/o Katz Melinger PLLC<br>280 Madison Avenue<br>Room 600<br>New York, NY 10016 | $12,214.06 | **Bases for Objection:**<br><br>The Mockoviaks object to the creditor's claim on the following grounds:<br><br>*Lender Responsible for All Wage Claims.* CPI's lender, LQD Business Finance LLC and LQD Loans Two, LLC (the "**Lender**"), assumed total financial and operational control of CPI on and after January 27, 2020, and, thereafter failed to pay employee wages and reimbursable expenses. The Lender's principal, George Souri, required the resignations of the Mockoviaks and personally appointed himself the sole director of CPI. The Mockoviaks therefore cannot be liable for any unpaid wages because they were not officers CPI having the management of that company. Instead, the Lender and its principal, George Souri, remain liable for any such unpaid wage claims.<br><br>*No Personal Liability.* The Creditor's claim should be disallowed in its entirety because it has not and cannot establish legal grounds to disregard CPI as a corporate entity and hold either of the Mockoviaks personally liable. Further, Sandra Mockoviak was not an officer of CPI nor an agent having the management of CPI. Therefore, the Creditor has failed to assert or establish any legal grounds to find personal liability against the Mockoviaks. The Creditor's claim is properly and solely against CPI.<br><br>*Insufficient Support/Documentation.* The Creditor has failed to provide any support or documentation for the claims alleged against the Mockoviaks, including but not limited to, any claims for wages, expenses, and 401(k) contributions as required by Fed.R.Bankr.P. 3001. The Creditor did not attach enough documentation to support the claim and should be precluded from doing so pursuant to |



| CLAIM NO. | NAME OF CLAIMANT | AMOUNT OF CLAIM | BASES FOR OBJECTION AND RECOMMENDED DISPOSITION |
|---|---|---|---|
| | | | Fed.R.Bankr.P. 3001(c)(2)(D). All such claims are properly and solely against CPI. *No Legal Basis for Consequential Damages.* To the extent that the Creditor alleges consequential damages against the Mockoviaks, the Creditor has failed to allege or establish any basis for such claim or liability. *New Jersey Department of Labor Determination Void.* To the extent that the creditor relies on any determination by the New Jersey Labor Department and Workforce Development, that determination was rendered after the Mockoviaks filed for bankruptcy protection, violates the Automatic Stay, and is void *ab initio,* and of no effect whatsoever. *Incorrect Claim Classification.* To the extent that this Creditor has a claim, it is not a priority claim or it exceeds the priority limit, and it should be treated as a general unsecured claim. *Incorrect Claim Amounts.* To the extent the Creditor has a claim against the Mockoviaks, the total amount and the component parts of the Creditor's claim are unliquidated, disputed, and inaccurate. *Debtors Assets Exempt.* the Mockoviaks' assets are protected as tenants by the entirety and are not subject to this Creditor's claims. The Mockoviaks reserve all rights to raise any other defenses or claims, and the Mockoviaks reserve their rights to seek further sanctions pursuant Fed. R. Civ. P. 3001(c)(2)(D), including all attorney fees and costs. <u>Recommended Disposition:</u> Claim should be STRICKEN and DISALLOWED in its entirety. |

11



|  |  |
|---|---|
| Dated:  March 11, 2025 | Respectfully submitted, |

**SALAZAR LAW**
*Counsel for Debtors, Robert J. Mockoviak and Sandra H. Mockoviak*
2121 SW 3rd Avenue, Suite 200
Miami, Florida 33129
Telephone: (305) 374-4848
Facsimile:  (305) 397-1021
Primary Email:  Luis@Salazar.Law
Primary Email:  Ceide@Salazar.Law
Secondary Email:  Lee-Sin@Salazar.Law

By: _____/s/    Luis Salazar_____
Luis Salazar
Florida Bar No. 147788
Jose Ceide
Florida Bar No. 015937

**SALAZAR LAW**

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2025 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties identified on the Service List attached to the original hereof, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail, postage pre-paid, as indicated thereon.

/s/   Luis Salazar
Luis Salazar



SERVICE LIST

Electronic Notice List:

- **Stefan Beuge**   flsd.bankruptcy@phelanhallinan.com, mhartz@shumaker.com
- **Carmen Contreras-Martinez**   carmen.contreras-martinez@saul.com, aida.mclaughlin@saul.com;mia-ctdocs@saul.com
- **Joyce Adriana Delgado**   jadelgado@venable.com, cascavone@venable.com;jnunez@venable.com;ipmalcolm@venable.com;bsilva@venable.com;imalcolm@ecf.courtdrive.com
- **Frederic J Dispigna**   fdispigna@mlg-defaultlaw.com, mlgfl-bk@mlg-defaultlaw.com;ecf@mlg-defaultlaw.com;MLGBK@ecf.courtdrive.com
- **Heidi A Feinman**   Heidi.A.Feinman@usdoj.gov
- **Barry P Gruher**   bpgruher@venable.com, ipmalcolm@venable.com;jbisenberg@venable.com;cascavone@venable.com;bsilva@venable.com;imalcolm@ecf.courtdrive.com
- **April Harriott**   aharriott@raslg.com
- **Eric D Jacobs**   edjacobs@venable.com, btraina@venable.com,btraina@ecf.courtdrive.com,tpetrie@venable.com;imalcolm@venable.com;ipmalcolm@venable.com;imalcolm@ecf.courtdrive.com
- **Glenn D Moses**   gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jnunez@venable.com;imalcolm@ecf.courtdrive.com
- **Wanda D Murray**   wanda.murray@usdoj.gov, WMurray@ecf.courtdrive.com
- **Martin P Ochs**   martin.p.ochs@usdoj.gov
- **Office of the US Trustee**   USTPRegion21.MM.ECF@usdoj.gov
- **Hampton Peterson**   legalservices@PBCTax.com
- **Ivan J Reich**   ireich@nasonyeager.com, sjanowitz@nasonyeager.com
- **Traci H Rollins**   trollins@gunster.com, crossodivita@gunster.com
- **Luis Salazar**   Luis@Salazar.Law, luis-salazar-4791@ecf.pacerpro.com; Ceide@salazar.law; Lee-Sin@Salazar.Law; Suarez@Salazar.Law; Lorenzo@Salazar.Law; MSalazar@Salazar.Law
- **Wendy J Wasserman**   wwasserman@mlg-defaultlaw.com, mlgfl-bk@mlg-defaultlaw.com;ecf@mlg-defaultlaw.com;MLGBK@ecf.courtdrive.com
- **Scott R. Weiss**   sweiss@raslg.com, sweiss@raslg.com

Manual Notice List:

BMW Financial Services NA, LLC
c/o AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

14



**Andrew Bernstein**
c/o EisnerAmper LLP
1001 Brickell Bay Dr #1400
Miami, FL 33131

**Alison Covello**
c/o BHHS Fox & Roach Princeton RE
33 Witherspoon St
Princeton, NJ 08542

**Harry J. Giacometti**
1835 Market St #1050
Philadelphia, PA 19103

**David Graff**
Graff Silverstein LLP
60 Hawthorne Way
Hartsdale, NY 10530

**Jeffery Heftman**
1 East Wacker Dr #1700
Chicago, IL 60604

**Elizabeth Lenkiewicz**
10189 N 135th Place
Scottsdale, AZ 85259

**Lech Lenkiewicz**
10189 N. 135th Place
Scottsdale, AZ 85259

**Michelle G. Novick**
Saul Ewing Arnstein & Lehr LLP
161 N Clark St #2400
Chicago, IL 60601



**Matthew J Silverstein**
c/o Graff Silverstein LLP
3 Middle Patent Rd
Armonk, NY 10504

**THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2006-36T2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-36T2**
PO Box 31785
Tampa, FL 33631-3785

**Damien Nicholas Tancredi**
1835 Market St #1050
Philadelphia, PA 19103

**Steven D. Usdin**
1835 Market St #1050
Philadelphia, PA 19103

**Jason A. Welt**
401 E Las Olas Blvd #1400
Ft Lauderdale, FL 33301

**Adam Hartzell**
c/o Katz Melinger PLLC
280 Madison Avenue
Room 600
New York, NY 10016

**Ann Park**
c/o Katz Melinger PLLC
280 Madison Avenue
Room 600
New York, NY 10016

16



**Bonnie Johnson**
c/o Katz Melinger PLLC
280 Madison Avenue
Room 600
New York, NY 10016

**Brianna LeFaucher**
c/o Katz Melinger PLLC
280 Madison Avenue
Room 600
New York, NY 10016

**Carolyn Starcher**
c/o Katz Melinger PLLC
280 Madison Avenue
Room 600
New York, NY 10016

SALAZAR LAW