**Shari Stark**

475 Prospect Ave
Princeton, NJ 08540
Phone: 609.712.7124
Shariann1 l@gmail.com

April 18, 2025



US Bankruptcy Court
Southern District of Florida
Flagler Waterview Bldg
1515 N Flagler Dr #801
West Palm Beach, FL 33134

RE: Case Number: 20-14372-MAM

**Dear Mr. Joseph Falzone**

I am submitting to the Southern District of Florida Bankruptcy Court my objection to the Mockoviaks object to my claim for unpaid wages. I worked for Clinical Professional Inc (CPI) from March 27, 2019 - January 21. 2020 as the Vice President of Quality Assurance and Training. During the timeframe of January 1-21,2020, I was not paid any wages. I filed a claim with the State of New Jersey Department of Labor and Workforce Development (NJWAL). On **December 10, 2020** I attended a hearing with NJWAL for my case (W&H Case # WC-471-0620- WAL) and I was awarded $5,414.57 plus 15% additional for interest. However, upon hearing that the defendant (who did not show up for the hearing) was in bankruptcy, I was told that I needed to submit my claim to the Southern District of Florida. It was at that time that I became aware that the Mockoviaks had applied for bankruptcy and I immediately sent in my claim to the court. **I am objecting to their claim that it was filed late.**

The Mockoviaks' claim that they are not responsible for my wage claim. I was employed by CPI from March 27, 2019 through January 21,2020. These dates are prior to the total financial and operational control was transferred to LQD on January 27th, 2020 as the Mockoviaks state. **I object to their claim that they are not responsible for all wage claims.**

The Mockoviaks claim that they have no personal liability – this is in not true. How can they not be liable? They owned the company and siphoned off money to support their lavish lifestyle. How could they not be liable – especially since they accepted 6 million dollars from LQD for CPI on January 27th, 2020. **I object to their claim that they have no personal liability.**

The Mockoviaks claim that I have provided insufficient documentation. December 23, 2020: Received letter dated December 15, 2020 indicating that since the Debtor is in bankruptcy proceedings that I need to submit a claim to SD FL Bankruptcy Court. I've also attached supporting documentation (original NJWAL claim, bank records, pay stubs, resignation letter) as well as the letter dated December 15, 2020 from NJWAL that included instructions and claim information to submit to the SDFL Bankruptcy court. **I object to their claim that I had provided insufficient Support/documentation.**

**I object to their claim classification and claim amounts.** They did not provide any detailed explanation of why they dispute the claim amounts. Instead, they just stated some generic response to my claim. I was an employee of CPI and my wages fall under secured credit claim.

Please see below for a timeline of non-payment. Below is my timeline for submitting my claim. I am also enclosing the supporting documentation that was submitted with my original complaint.

- **January 7, 2020:** Last paycheck received- [Gross Amount semi-monthly: $7291.67 Net Amount: $4611.00]
- **January 22, 2020:** Submitted claim to NJWAL for unpaid wages **[Attachment #1]**
- **March 4, 2020:** Received a wire from Clinical Prof Payroll for $4569.57 - no paycheck stub was attached and there was no proof that taxes and medical plan costs were paid.
- **December 10, 2020:** NJWAL Verbally Awarded me [$7291.67 - 4569.57] plus 4 days [$2692.31] = $5,414.57 + 15% interest for a total of **$6226.73.**

Case Number: 20-14372-MAM

- **December 23, 2020:** Received letter dated December 15, 2020 indicating that since the Debtor is in bankruptcy proceedings that I need to submit a claim to SD FL Bankruptcy Court. **[Attachment #2]**

Please note that I first became aware on December 23, 2020 that I would have to submit my claim to SD FL Bankruptcy Court when I received the NJWAL letter and that the deadline for filing proof of claim was 6/19/2020 **(Attachment #2).**

Thank you for your time and consideration.

*[signature]*

**Shari Stark**
475 Prospect Ave
Princeton, NJ 08540

Case No.: CWC5471

Mailing Date: November 10, 2020

**To:** Robert Mockoviak, President, and Individually, and
CPI Global CRO t/a Clinical Professional Inc.
731 Alexander Road Suite 101
Prenceton NJ 08540

YOU ARE HEREBY SUMMONED pursuant to Wage Collection Statue N.J.S.A. 34:11-57 et seq. and Wage Payment Law Statute N.J.S.A. 34:11-4.1 et seq. to participate in a **telephone proceeding** conducted by the Wage Collection Section, Division of Wage and Hour Compliance, Department of Labor and Workforce Development, and to make available payroll records, cancelled checks, and employer policy and procedures pertaining to this wage claim.

**Important:** You must call the Wage Collection Section on the date of the proceeding about 30 minutes before the proceeding time. Give your name, name of company you represent and a telephone number where you can be reached. At the time of the proceeding, remain by the phone and keep the line clear. The Wage Collection Referee will call you back when ready for the proceeding. The Wage Collection Referee may not be able to call at the exact time, so please remain near your phone for at least 30 minutes after the scheduled time. The Wage Collection Referee will place only one call back to each proceeding participant.

Failure to participate in the proceeding may result in an unfavorable decision. Please read the enclosed "Important Information about Telephone Procedings" for additional guidelines.

**Proceeding:** December 10, 2020 at 9:30 AM to answer in this action for wages due in the amount of $10,096.15 to plaintiff.

By: _____
Referee: Evelyn Wallace-Byrd
Tel.: (609) 292-3658
Fax: (609) 984-3005

Shari A. Stark
vs.
Robert Mockoviak, President, and Individually, and
CPI Global CRO t/a Clinical Professional Inc.

## COMPLAINT

The plaintiff, Shari A. Stark, demands of the defendant the sum of $10,096.15 dollars, wages for that:

1. The defendant agreed to and did employ and hire the plaintiff on or about March 27, 2019
2. There is due and owing the plaintiff from the defendant the sum of $10,096.15 dollars in wages as follows:

From March 27, 2019 through January 21, 2020 For unpaid wages $10,096.15
which sum was demanded by the plaintiff of the defendant in the sum of $10,096.15 together with the cost of this suit.

By: Shari A. Stark
Pro se

Demand        $10,096.15
Summons Cost  $25.00
Total         $10,121.15

I served the within summons _____, on the defendant, by reading it to and giving a copy therof. The said defendant, _____ not being found, I served the within summons _____, by leaving a copy thereof at residence with a member of family above the age of fourteen years, informing of its contents.

Process Server _____



# State of New Jersey

DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT
PO BOX 389
TRENTON, NEW JERSEY 08625-0389

December 15, 2020

Shari A. Stark
475 Prospect Ave
Princeton NJ 08540

Re: Bankruptcy Filing
CPI Global CRO
731 Alexander Road Suite 101
Princeton NJ 08540

Dear Shari A. Stark:

The Division of Wage and Hour Compliance has been advised that the above-referenced firm has filed for bankruptcy in the United States Bankruptcy Court. Therefore, the Division does not have jurisdiction regarding your claim.

In the event you wish to pursue your wage claim, you must file a Proof of Claim (form B10) with the bankruptcy court at the address listed below. Additional information about bankruptcy is available at the United States Bankruptcy Court - District of New Jersey web site at *www.njb.uscourts.gov* or the United States Courts web site at *www.uscourts.gov*

Wage and Hour Docket Judgment No. (if applicable):

Sincerely,

Section Chief
609-292-2305

W&H Case # WC-471-0620-WAL
Claim #487833
Employer # 728249

U.S. BANKRUPTCY COURT:
Southern District of Florida
Chapter 11 Bankruptcy
Case 20-14372-MAM

*New Jersey is an Equal Opportunity Employer*



DIVISION OF WAGE AND HOUR COMPLIANCE
*(609) 292-2337 \* FAX (609) 695-1174 \* www.nj.gov/labor*



# State of New Jersey

**DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT**
WAGE AND HOUR DIVISION AND CONTRACT COMPLIANCE
WAGE COLLECTION SECTION
P.O. BOX 389, TRENTON, NEW JERSEY 08625-0389

Shari A. Stark
475 Prospect Ave
Princeton NJ 08540

Case No.: WC-471-0620-WAL
Mailing Date: April 30, 2021

## Notice of Virtual Proceeding

A Wage Collection Virtual Proceeding has been scheduled to adjudicate a wage claim dispute between the following plaintiff and defendant:

**Plaintiff / Employee**
Shari A. Stark
475 Prospect Ave
Princeton NJ 08540
P: 609-712-7124
**Email**: shariann11@gmail.com

**Attorney - Plaintiff**

**Defendant / Employer**
Robert Mockoviak, President, and Individually, and
CPI Global CRO t/a Clinical Professional Inc.
731 Alexander Road Suite 101
Prenceton NJ 08540

**Attorney - Defendant**

**Important**: You must email the Wage Collection Section at *whwc@dol.nj.gov* five (5) business days prior to the proceeding date May 25, 2021 so that our office can email you a link to join the virtual proceeding and acknowledging your appearance. Include your name, case number, email address, and the telephone number where you can be reached. If you will be represented by an attorney and/or have witnesses, provide their name(s), email address(es) and phone number(s). Also indicate if you need an interpreter and the specific language that you require.

Prior to your proceeding commencing, you will receive an email from our office with a link to join the Teams Virtual hearing. The link will include a dial up number if you cannot appear virtually. Once you have joined the hearing, you will be placed in a virtual lobby. Please remain in the lobby until admitted to the proceeding by the referee.

| **Wage Collection Referee** | Evelyn Wallace-Byrd | **Proceeding Date** | May 25, 2021 |
|---|---|---|---|
| **Telephone No.** | (609) 292-3658 | **Proceeding Time** | 9:30 AM |

**Read the enclosed "Important Information about Virtual Proceedings" concerning how to participate in the proceeding.**

**Documents:** Any documents you wish to present during the proceeding **must be emailed to the Wage Collection Section** at *whwc@dol.nj.gov* and **emailed**, **mailed**, or **faxed** to the opposing party. The documents must be received by all parties at least **five (5) business days prior** to the hearing. Include the above case number on all documents.

*Official Use Only:*   Claim No.: 487833   Claim Date: 2/2/2020   Employer No.: 728249

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **Robert J. Mockoviak** | Social Security number or ITIN | xxx-xx-7167 |
| | First Name   Middle Name   Last Name | EIN __-_____ | |
| Debtor 2 (Spouse, if filing) | **Sandra H. Mockoviak** | Social Security number or ITIN | xxx-xx-1291 |
| | First Name   Middle Name   Last Name | EIN __-_____ | |
| United States Bankruptcy Court   Southern District of Florida | | Date case filed for chapter 11  4/10/20 | |
| Case number:   20-14372-MAM | | | |

# Notice of Chapter 11 Bankruptcy Case

For the debtors listed above, a case has been filed under chapter 11 of the Bankruptcy Code.
This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 11 plan may result in a discharge of debt. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See boxes 7 and 9 below for more information.)

You may want to consult an attorney to protect your rights. The bankruptcy clerk's office staff cannot give legal advice.

To help creditors correctly identify debtors, debtors must submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

**WARNING TO DEBTOR: WITHOUT FURTHER NOTICE OR HEARING THE COURT MAY DISMISS YOUR CASE FOR FAILURE TO TIMELY PAY FILING FEE INSTALLMENTS, FAILURE TO APPEAR AT THE MEETING OF CREDITORS OR FAILURE TO TIMELY FILE REQUIRED SCHEDULES, STATEMENTS OR LISTS, AND FOR FAILURE TO FILE PRE-BANKRUPTCY CERTIFICATION OF CREDIT COUNSELING OR FILE WAGE DOCUMENTATION.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | Debtor's Full Name | Robert J. Mockoviak | Sandra H. Mockoviak |
| 2. | All Other Names Used in the Last 8 Years | | |
| 3. | Address | 9968 Equus Circle<br>Boynton Beach, FL 33472 | 9968 Equus Circle<br>Boynton Beach, FL 33472 |
| 4. | Debtor's Attorney (or Pro Se Debtor) Name and address | Luis Salazar Esq.<br>Salazar Law<br>2000 Ponce De Leon Boulevard<br>Penthouse<br>Coral Gables, FL 33134 | Contact phone (305)-374-4848 |
| 5. | Bankruptcy Clerk's Divisional Office Where Assigned Judge is Chambered | Flagler Waterview Bldg<br>1515 N Flagler Dr #801<br>West Palm Beach FL 33401 | Hours open 8:30 a.m. - 4:00 p.m.<br>Contact phone (561) 514-4100 |
| | | Documents filed conventionally in paper may be filed at any bankruptcy clerk's office location. Documents may be viewed in electronic format via CM/ECF at any clerk's office public terminal (at no charge for viewing) or via PACER on the internet accessible at www.pacer.gov (charges will apply). Case filing and unexpired deadline dates can be obtained by calling the Voice Case Information System toll-free at (866) 222-8029. As mandated by the Department of Homeland Security, ALL visitors (except minors accompanied by an adult) to any federal building or courthouse, must present a current, valid, government issued photo identification (e.g. drivers' license, state identification card, passport, or immigration card.) | **Note:** Pursuant to Administrative Order 2020-07, until further notice the clerk's office is CLOSED to the public for in-person filings.<br><br>Clerk of Court: **Joseph Falzone**<br>Dated: **4/13/20** |
| 6. | * MEETING OF CREDITORS * May 13, 2020 at 09:00 AM | | ***MEETING WILL BE HELD BY TELEPHONE*** |
| | Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Trustee: Office of the US Trustee**<br>Call in number: 866-915-4419<br>Participant Code: 6071331 |

Local Form 309E1 USBC SDFL (For Individuals or Joint Debtors) (03/30/2020)   Notice of Chapter 11 Bankruptcy Case   page 1

Debtor **Robert J. Mockoviak** and **Sandra H. Mockoviak**          Case number **20-14372-MAM**

| 7. | **Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. Writing a letter to the court or judge is not sufficient.<br>See box 9 for more information. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br>- if you assert that the debtor is not entitled to receive a discharge of any debts under 11 U.S.C. § 1141(d)(3)<br><br>or<br>- if you want to have a debt excepted from discharge under 11 U.S.C. § 523(a)(2), (4), or (6). | **Filing deadline for complaint under §1141(d)(3):** First date set for hearing on confirmation of plan. The court will send you a notice of that date later.<br><br>**Filing deadline for dischargeability complaints: 07/13/2020** |
|---|---|---|---|
| | **When Filing Proofs of Claim:**<br>Claims may be delivered or mailed to the clerk's office. Creditors with internet access have the option to use the electronic claims filing program on the court website at www.flsb.uscourts.gov to electronically file a proof of claim. | **Deadline for filing proof of claim: 6/19/20**<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br><br>Your claim will be allowed in the amount scheduled unless:<br>- your claim is designated as *disputed*, *contingent*, or *unliquidated*;<br>- you file a proof of claim in a different amount; or<br>- you receive another notice.<br><br>If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled. Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. The deadline for filing objections to claims will be established pursuant to Local Rule 3007-1(B)(1).<br><br>**Filing Deadline for a Creditor with a Foreign Address:** The deadlines for filing proofs of claim in this notice apply to all creditors. If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline to file a proof of claim. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | For a governmental unit: **10/7/20** |
| | | **Deadline to object to exemptions:**<br>The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions. | **Filing Deadline:**<br>30 days after the *conclusion* of the meeting of creditors, or within 30 days of any amendment to the list of supplemental schedules, unless as otherwise provided under Bankruptcy Rule 1019(2)(B) and Local Rule 4003-1(B) for converted cases. |
| 8. | **Filing a Chapter 11 Bankruptcy Case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate the debtor's business. | |
| 9. | **Discharge of Debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of a debt. See 11 U.S.C. § 1141(d). However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you believe that a particular debt owed to you should be excepted from the discharge under 11 U.S.C. § 523 (a)(2), (4), or (6), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline in box 7. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1141 (d)(3), you must file a complaint and pay the filing fee in the clerk's office by the first date set for the hearing on confirmation of the plan. The court will send you another notice telling you of that date. Prior to receiving a discharge, the debtor must file and serve the Local Form "Notice of Deadline to Object to Debtor's Statement Re: 11 U.S.C. §522(q)(1) Applicability, Payment of Domestic Support Obligations, and [For Chapter 11 Cases Only] Applicability of Financial Management Course and Statement Regarding Eligibility to Receive a Discharge", as required under Local Rule 4004-3(A)(4). | |
| 10. | **Option to Receive Notices Served by the Clerk by Email Instead of by U.S. Mail** | 1) EBN program open to all parties. Register at the BNC website bankruptcynotices.uscourts.gov, OR 2) DeBN program open to debtors only. Register by filing with the Clerk of Court, Local Form "Debtor's Request to Receive Electronically Under DeBN Program". There is no charge for either option. See also Local Rule 9036-1(B) and (C). | |
| 11. | **Translating Services** | Language interpretation of the meeting of creditors will be provided to the debtor at no cost, upon request to the trustee, through a telephone interpreter service. Persons with communications disabilities should contact the U.S. Trustee's office to arrange for translating services at the meeting of creditors. | |

*Claim #56*
*#59 Denied*

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | | **PROOF OF CLAIM** |
|---|---|---|
| Name of Debtor:<br>Robert J. and Sandra H. Mockoviak<br>9968 Equus Circle<br>Boynton Beach, FL 33472 | Case Number:<br>20-14372-MAM | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Shari Stark**

**COURT USE ONLY**

Name and address where notices should be sent:
Shari Stark
475 Prospect Ave
Princeton, NJ 08540

Telephone number: (609) 712-7124   email: shariann11@gmail.com

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:    email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**    $ _____ 5414.57

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** _____
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:**
7 1 6 7

**3a. Debtor may have scheduled account as:**
_____
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
_____
(See instruction #3b)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $ _____

Annual Interest Rate _____ % ☐ Fixed or ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ _____

Basis for perfection: _____

Amount of Secured Claim:    $ _____

Amount Unsecured:    $ _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**
$ 5414.57

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

B10 (Official Form 10) (04/13) 2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

---

**8. Signature:** (See instruction #8)

Check the appropriate box.

☒ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Shari Stark
Title:
Company:
Address and telephone number (if different from notice address above):

(Signature)   12/26/2020 (Date)

Telephone number:    email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.



# State of New Jersey

DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT
PO BOX 389
TRENTON, NEW JERSEY 08625-0389

November 12, 2020

Robert Mockoviak, President, and Individually, and
CPI Global CRO t/a Clinical Professional Inc.
731 Alexander Road Suite 101
Princeton NJ 08540


Re: WC-471-0620-WAL
    Shari A. Stark
      VS.
    Robert Mockoviak, President, and Individually, and
    CPI Global CRO t/a Clinical Professional Inc.


Dear Sir/Madam:

We have received a complaint from your former employee that wages are due, and we are enclosing a copy of this claim form for your information. Be aware that in addition to unpaid wages, a claimant may recover up to 200% of the unpaid wages as liquidated damages. The claimant has requested a proceeding, and therefore, we have scheduled this matter on the date shown in the enclosed Summons Complaint.

If these monies are due, please send this office two separate checks; one payable to the Commissioner of Labor and Workforce Development in the amount of an Administrative Fee of 10% / 18% / 25% of the claim (as per the attached advisory notice) and $25.00 for the Summons Cost. The second check payable to your former employee should be in the amount of the claim (less tax deductions). Any withholdings should be remitted to the proper taxing agencies. If you dispute the claim, you must appear at the scheduled proceeding.

We are totally impartial in this matter and do not assist employees or employers at the proceeding.

If you fail to appear at the proceeding, an Award by Default may be given against you for failing to answer the Summons Complaint.

Thank you for your expected cooperation.

Sincerely,

Toni M. Longo, Section Chief
Wage Collection Section
(609) 292-3658

*New Jersey is an Equal Opportunity Employer*



*DIVISION OF WAGE AND HOUR COMPLIANCE*
*WAGE COLLECTION SECTION*

SHARI STARK
475 PROSPECT AVE.
PRINCETON, NJ 08540

CERTIFIED MAIL

9589 0710 5270 2998 0078 91

US Bankruptcy Court
Southern District of Florida
1515 N Flagler Drive # 801
West Palm Beach, FL ~~33134~~ 33401

Case # 20-14372-MAM