UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re                                                                    Chapter 11

ROBERT J. MOCKOVIAK and SANDRA H.           Case No. 20-14372-MAM
MOCKOVIAK,

    Debtors.                                                    /

### DEBTORS' REPLY TO CLAIMANT SHARI STARK'S RESPONSE TO DEBTORS' NINTH OMNIBUS OBJECTION TO CLAIM [ECF NO. 533] TO PROOF OF CLAIM NO. 56

Debtors, Robert J. Mockoviak and Sandra H. Mockoviak (the "**Debtors**" or "**Mockoviaks**"), pursuant to Local Rules 9013-1(D)(2) and 3007-1, file this Reply to the Response submitted by Claimant, Shari Stark ("**Claimant**" or "**Stark**"), and in further support of their *Ninth Omnibus Objection to Claim* [ECF No. 533] to Proof of Claim No. 56, and state:

#### PRELIMINARY STATEMENT

1. Robert and Sandra Mockoviak were the former owners of Clinical Professionals, Inc. ("**CPI**") until February 2020, when they surrendered their ownership interest to CPI's lender, LQD Business Finance, LLC. Following LQD's takeover, it appears that CPI, under LQD's control, failed to pay employee wages and benefits. LQD's actions ultimately forced the Mockoviaks to seek bankruptcy protection. In the resulting confusion – compounded by the onset of the COVID-19 pandemic and the lockdown – 49 former CPI employees mistakenly filed wage and compensation claims in this case. The Mockoviaks have objected to these claims, including Claim No. 56 filed by Stark, because they are not liable for debts owed by CPI following LQD's assumption of control.

2. Significantly, the Mockoviaks objected to those 49 wage claims and, of those, only Stark opposed the well-founded objections. The remaining claimants – the majority of whom were represented by the same experienced and reputable employment counsel – chose not to oppose those objections, and the Court sustained them, striking all 48 of those claims.

1

This broad lack of opposition underscores the validity of the Mockoviaks' position and further confirms that Claim No. 56 should be disallowed in its entirety.

3. As to Stark's specific claim, there are several reasons why it should be disallowed in its entirety. First, Stark's claim should be stricken because it was filed more than six months after the applicable bar date and is therefore untimely. Under Bankruptcy Rule 3003(c)(3), the Court may set a deadline for filing proofs of claim in Chapter 11 cases, and late-filed claims are subject to disallowance. Stark has not sought or obtained leave to file a late claim, nor demonstrated excusable neglect under Rule 9006(b)(1).

4. Second and more fundamentally, Stark has failed to establish any legal basis to impose personal liability on the Debtors for obligations allegedly owed by CPI, relying instead on LQD's false allegations that they siphoned off CPI assets for themselves. It is undisputed that CPI – not the Mockoviaks – was Stark's employer. She has not alleged, much less proven, any facts that would justify piercing the corporate veil or otherwise holding the Debtors personally liable under any applicable legal theory. Her claim lacks both evidentiary support and a valid legal foundation to assert direct liability against the Debtors as former owners of CPI.

5. Third, Stark appears to reply upon a determination by the New Jersey Department of Labor as to the wages CPI owes her. But that determination was rendered without notice to the Mockoviaks and in violation of the Automatic Stay, rendering it entirely void.

6. Finally, Stark fails to comply with the documentation requirements of Bankruptcy Rule 3001 and lacks the necessary detail to establish prima facie validity, much less that her claim is secured.

7. For all these reasons, the Court should sustain the Mockoviaks' Objection and strike Stark's Claim No. 56 in its entirely.

## RELEVANT BACKGROUND

8. On April 10, 2020, the Mockoviaks commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Mockoviaks are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy

Code sections 1107(a) and 1108. As of the date hereof, no trustee, examiner, or statutory creditors' committee has been appointed in these Chapter 11 cases.

9. **Stark Files after Bar Date.** Pursuant to the Court, the general bar date for non-governmental creditors to file proofs of claim was set as June 19, 2020.

10. On or before the bar date, 33 former employees of CPI timely filed their claims against the Mockoviaks.

11. On December 30, 2020, Stark filed her untimely claim against the Mockoviaks, Proof of Claim No. 56.

12. **Mockoviaks' Omnibus Objections as to CPI-Employee Claims.** On March 11, 2025, March 27, 2025, and April 4, 2025, the Mockoviaks filed 10 omnibus objections to former employee wage claims.

13. Specifically, on April 4, 2025, the Debtors filed their *Ninth Omnibus Objection to Claim* [ECF No. 533], which included an objection to Stark's Proof of Claim No. 56 (the "**Objection**").

14. On May 6, 2025, Stark filed the sole opposition to the Debtors' former employee claim objections.

15. On April 15, 2025, May 6, 2025, May 13, 2025, and May 14, 2025, the Court sustained objections to all former employee claims, except Stark's.

16. **The LQD Adversary and Trial.** Previously, on April 22, 2020, the Mockoviaks commenced an adversary proceeding, Adv. Pro. No. 20-01142-MAM, against Defendants, LQD Business Finance, LLC ("**LQD**"), LQD Loans Two, LLC and George Souri (the "**Mockoviak Adversary**").[1]

17. The Mockoviaks subsequently amended their complaint three times. On December 13, 2021, the Mockoviaks filed their *Third Amended Complaint* [MAP ECF No. 343], alleging in great detail the disastrous actions of LQD in wresting control of CPI from the Mockoviaks, and its subsequent failure to pay employee claims.

---

[1] *Robert J. Mockoviak and Sandra H. Mockoviak v. LQD Business Finance, LLC, LQD Loans Two, LLC and George Souri,* Adv. No. 20-01142-MAM.

3

18. From August 8, 2023 through August 11, 2023, and again on October 26, 2023, December 14, 2023, and December 15, 2023, the Court held and conducted a seven-day consolidated bench trial in the Mockoviak Adversary.

19. During the trial, the Court heard extensive fact and expert witness testimony establishing that LQD had exercised the Mockoviaks' stock pledge and assumed full control of CPI by February 2020. LQD appears to have failed to pay employee wages and benefits thereafter.

## LEGAL ARGUMENT

I. **THE COURT SHOULD STRIKE AND DISALLOW CLAIM NO. 56 PURSUANT TO BANKRUPTCY RULE 3003(C) BECAUSE IT IS UNTIMELY, LACKS FACTUAL SUPPORT, AND IS PROCEDURALLY DEFECTIVE.**

20. Stark's Claim No. 56 is time barred and legally and factually without merit. The Court should thus sustain the Mockoviaks' Objection in full.

21. Notably, the Mockoviaks objected to 49 wage claims filed by former CPI employees, citing lack of personal liability, untimeliness, insufficient documentation, and, most important, the fact that any liability lies with LQD Business Finance, LLC, which took control of CPI in January 2020.

22. Only one claimant – Stark – opposed that relief. The other 48, the majority represented by competent counsel and asserting larger or comparable claims, did not contest the objections. This near-unanimous silence underscores the strength of the Debtors' objections. Stark's lone opposition lacks any distinguishing legal or factual basis and should be rejected along with the rest.

A. **The Court Should Strike Stark's Claim No. 56 Because it is Late.**

23. Pursuant to Bankruptcy Rule 3003(c)(3) and the Court's Bar Date Order, all non-governmental creditors were required to file proofs of claim by June 19, 2020. Claimant concedes her claim was filed well after that deadline. Despite this delay, Claimant has not filed a motion for leave to file a late claim, nor has she demonstrated excusable neglect under the applicable legal standard. Alleged lack of notice alone does not excuse noncompliance, particularly where other similarly situated employees managed to file timely claims.

4

Accordingly, Claim No. 56 is untimely under Rule 3003(c) and should be disallowed in its entirety.

    **B.    Claimant's Attempt To Impose Personal Liability On The Debtors Is Legally Unsupported And Must Be Rejected.**

24.    Stark does not offer valid legal grounds to establish the Mockoviaks' personal liability but instead relies on scurrilous speculation and unsupported conclusions. She asserts that the Mockoviaks should personally pay her wage claims because they "siphoned off" company funds and lived a lavish lifestyle, yet she provides no documentary evidence or factual detail to support these serious allegations. Nor is it possible to do so. The Court heard over five days of fact and expert testimony establishing the contrary and demonstrating that LQD assumed control of CPI and simply failed to timely pay all wages and benefits.

25.    Further, Stark's response lacks any citation to legal authority or any application of recognized theories under New Jersey law that would justify piercing the corporate veil or otherwise disregarding CPI's corporate form.

26.    Simply put, CPI was the legal employer during the period in question, not the Debtors individually. Further, Claimant does not allege, nor can she establish, that she had an employment contract or direct employment relationship with the Debtors in their personal capacities. Accordingly, her claim relies solely on her status as a former employee of CPI, a separate legal entity.

27.    Moreover, it is undisputed that as of January 27, 2020, CPI came under the complete operational and financial control of LQD Business Finance LLC. The Debtors were removed from all management responsibilities at that time. While Claimant's alleged period of unpaid wages is January 1 through January 21, 2020, shortly before the formal transfer of control, she has not offered any rebuttal to the fact that the transition of authority had already been initiated and completed by the time she filed her claim.

28.    Absent a valid and substantiated legal theory to disregard CPI's corporate form, Stark's remedy, if any, lies solely against CPI or LQD, not against the Debtors in their individual capacities.

      C.      **The New Jersey Department Of Labor Award Is Void And Ineffective Due To Violation Of The Automatic Stay.**

29. Stark appears to rely on a December 10, 2020 determination by the New Jersey Department of Labor and Workforce Development ("**NJWAL**") in support of her claim. But it is unclear that the NJWAL actually rendered any formal determination and, if it did, Stark's own admissions demonstrate that any such ruling is against CPI, not the Mockoviaks. The NJWAL proceeding was conducted without notice to the Debtors, and Claimant concedes that the Debtors did not appear at the hearing.

30. Further, to the extent that the NJWAL proceeding did implicate the Mockoviaks, it is void because the Debtors had already filed for bankruptcy protection, and the automatic stay imposed by 11 U.S.C. § 362 was in full effect. Because the NJWAL proceeding continued in violation of the automatic stay, any determination rendered therein is void *ab initio*. Under well-established bankruptcy law, actions taken in violation of the automatic stay are nullities and carry no legal force or effect. Accordingly, NJWAL's award cannot be relied upon to support or validate Claimant's proof of claim in this case.

      D.      **Claimant's Claim Is Deficient And Should Be Disallowed For Failure To Provide Required Documentation Under Rule 3001.**

31. The Court should sustain the Mockoviaks' Objection because the submission fails to comply with the requirements of Bankruptcy Rule 3001(c), which mandates that a proof of claim based on wages must include a detailed statement of how the amount was calculated, along with supporting documentation. Here, Stark has not provided the necessary records to substantiate her alleged claim. Specifically, she fails to include time records, wage logs, or any agreement with CPI or the Debtors outlining the terms of her compensation. She also does not provide pay stubs or tax forms for the relevant time periods, nor does she offer a complete accounting of the alleged unpaid wages. What information she does provide appears to be filled with gobbledygook and confusing redactions.

32. In addition, Claimant acknowledges receipt of a partial payment but offers no clear explanation or documentation reconciling the amount received with the amount claimed. Her filing lacks a legally sufficient basis for the full amount sought and fails to establish her entitlement to any further recovery. Because the claim is insufficiently documented, it does not constitute *prima facie* evidence of the validity and amount of the

6

claim under Bankruptcy Rule 3001(f) and should be disallowed pursuant to Rule 3001(c)(2)(D).

33. Even if the Court were to consider the limited documentation submitted, Rule 3001(c)(2)(D) expressly permits the Court to preclude a creditor from presenting additional evidence at a hearing if the original submission lacks adequate supporting information. As such, the claim should be disallowed in its entirety for failure to comply with applicable procedural rules.

### E. Claimant's Claim Is Improperly Classified And Must Be Reclassified Or Disallowed.

34. Stark incorrectly asserts that her claim is secured and/or entitled to priority status. There is no evidence of any security interest or lien to support a secured claim under 11 U.S.C. § 506. Moreover, even if a portion of the claim is entitled to priority under 11 U.S.C. § 507(a)(4), that priority is capped at $15,150 and only applies to wages earned within 180 days prior to the petition date. Any remaining amounts would be classified as general unsecured claims. Accordingly, Claim No. 56 should be reclassified or, alternatively, disallowed.

### F. Claimant's Arguments Fail To Address Or Overcome The Debtors' Valid Objections.

35. Claimant's response consists largely of unsupported personal assertions and moral appeals rather than legally cognizable arguments. She fails to address or overcome any of the specific legal and procedural grounds raised in the Debtors' Objection. Most notably, she does not dispute the untimeliness of her proof of claim or offer any basis for the Court to allow it under the applicable rules. She also fails to establish any legal grounds for imposing personal liability on the Debtors or for disregarding the corporate structure of CPI.

36. Additionally, Claimant does not rebut the procedural deficiencies in her proof of claim, including the lack of documentation and failure to comply with the requirements of Bankruptcy Rule 3001(c). Finally, she provides no valid legal justification for relying on the New Jersey Department of Labor's post-petition determination, which is void ab initio as a violation of the automatic stay under 11 U.S.C. § 362. In short, Claimant's response fails to cure any of the fatal defects identified in the Debtors' Objection.

<u>CONCLUSION</u>

37. Claimant's response is untimely, factually unsupported, and legally deficient. Her claim stands alone among 49 similar wage claims, all of which were objected to on substantially the same grounds. Notably, none of the remaining 48 claimants, many of whom were represented by legal counsel, filed any response or opposition to the Debtors' objections. This widespread lack of opposition further reinforces the validity of the Debtors' position and underscores the fact that Claimant's proof of claim should be disallowed.

38. Accordingly, for all the reasons set forth herein and in the Objection, the Debtors respectfully request that the Court sustain the Objection, disallow Claim No. 56 in its entirety, and grant such other and further relief as is just and proper.

39. In the alternative, if the Court determines that material factual issues remain, the Debtors respectfully request that the Court permit targeted discovery and schedule a full evidentiary hearing on the merits of Claim No. 56.

WHEREFORE, Debtors, Robert J. Mockoviak and Sandra H. Mockoviak, respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**: (i) sustaining the Debtors' Objection to Claim No. 56; (ii) disallowing the Proof of Claim No. 56 in its entirety; and (iii) granting such further relief as is just and proper.

Dated: May 30, 2025                                  Respectfully submitted,

**SALAZAR LAW**
*Counsel for Debtors, Robert J. Mockoviak and Sandra H. Mockoviak*
2121 SW 3rd Avenue, Suite 200
Miami, Florida 33129
Telephone: (305) 374-4848
Facsimile: (305) 397-1021
Primary Email: Luis@Salazar.Law
Primary Email: Ceide@Salazar.Law
Secondary Email: Lee-Sin@Salazar.Law

By: ___/s/   Luis Salazar___
         Luis Salazar
         Florida Bar No. 147788
         Jose Ceide
         Florida Bar No. 015937

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 30, 2025 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all parties identified on the Service List attached to the original hereof, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail, postage pre-paid, as indicated thereon.

                /s/   Luis Salazar
                Luis Salazar

<u>SERVICE LIST</u>

Electronic Notice List:

- **Stefan Beuge**   flsd.bankruptcy@phelanhallinan.com, mhartz@shumaker.com
- **Carmen Contreras-Martinez**   carmen.contreras-martinez@saul.com, aida.mclaughlin@saul.com;mia-ctdocs@saul.com
- **Joyce Adriana Delgado**   jadelgado@venable.com, cascavone@venable.com;jnunez@venable.com;ipmalcolm@venable.com;bsilva@venable.com;imalcolm@ecf.courtdrive.com
- **Frederic J Dispigna**   fdispigna@mlg-defaultlaw.com, mlgfl-bk@mlg-defaultlaw.com;ecf@mlg-defaultlaw.com;MLGBK@ecf.courtdrive.com
- **Heidi A Feinman**   Heidi.A.Feinman@usdoj.gov
- **Barry P Gruher**   bpgruher@venable.com, ipmalcolm@venable.com;jbisenberg@venable.com;cascavone@venable.com;bsilva@venable.com;imalcolm@ecf.courtdrive.com
- **April Harriott**   aharriott@raslg.com
- **Eric D Jacobs**   edjacobs@venable.com, btraina@venable.com,btraina@ecf.courtdrive.com,tpetrie@venable.com;imalcolm@venable.com;ipmalcolm@venable.com;imalcolm@ecf.courtdrive.com
- **Glenn D Moses**   gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jnunez@venable.com;imalcolm@ecf.courtdrive.com
- **Wanda D Murray**   wanda.murray@usdoj.gov, WMurray@ecf.courtdrive.com
- **Martin P Ochs**   martin.p.ochs@usdoj.gov
- **Office of the US Trustee**   USTPRegion21.MM.ECF@usdoj.gov
- **Hampton Peterson**   legalservices@PBCTax.com
- **Ivan J Reich**   ireich@nasonyeager.com, sjanowitz@nasonyeager.com
- **Traci H Rollins**   trollins@gunster.com, crossodivita@gunster.com
- **Luis Salazar**   Luis@Salazar.Law, luis-salazar-4791@ecf.pacerpro.com; Ceide@salazar.law; Lee-Sin@Salazar.Law; Lorenzo@Salazar.Law;
- **Wendy J Wasserman**   wwasserman@mlg-defaultlaw.com, mlgfl-bk@mlg-defaultlaw.com;ecf@mlg-defaultlaw.com;MLGBK@ecf.courtdrive.com
- **Scott R. Weiss**   sweiss@raslg.com, sweiss@raslg.com

Manual Notice List:

Shari Stark
475 Prospect Avenue
Princeton, NJ 08540

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re | Chapter 11 |
| ROBERT J. MOCKOVIAK and SANDRA H. MOCKOVIAK, | Case No. 20-14372-MAM |
| Debtors.                                    / | |

### ORDER SUSTAINING DEBTORS ROBERT J. MOCKOVIAK AND SANDRA H. MOCKOVIAK'S NINTH OMNIBUS OBJECTION TO CLAIM [ECF NO. 533] TO PROOF OF CLAIM NO. 56

**THIS MATTER** came before the Court for hearing on June 3, 2025 at 1:30 p.m. upon Debtors, Robert J. Mockoviak and Sandra H. Mockoviak' (the "**Mockoviaks**" or "**Debtors**") *Ninth Omnibus Objection to Claim* [ECF No. 533] to Proof of Claim No. 56 (the "**Objection**"). The Court having reviewed the Objection, the *Letter Construed as a Response to Objection to Claim* [ECF No. 563] filed by claimant Shari Stark and the record in this case, finding that the relief to be granted in this order is the identical relief requested in the Objection, having heard argument of counsel, having considered the basis for the Objection to the claim, and otherwise being advised in the premises, it is

**ORDERED** as follows:

1. The Objection is **SUSTAINED**.

2. Claim No. 56 of Shari Stark is disallowed and stricken in its entirety pursuant to Bankruptcy Code Section 502(b).

3. The Court retains jurisdiction to enforce the terms of this Order.

###

Submitted by:

Luis Salazar, Esq.
**SALAZAR LAW**
2121 SW 3rd Avenue, Suite 200
Miami, Florida 33129
Telephone: (305) 374-4848
Fax: (305) 397-1021
Email: Luis@Salazar.Law

(The party submitting the order shall serve a copy of the signed order on all required parties and file with the court a certificate of service conforming with Local Rule 2002-1(F)).